# In the United States Court of Federal Claims

No. 15-73T

Filed: February 22, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * *<br><br>JAY R. VIR,<br>           Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>           Defendant.<br><br>* * * * * * * * * * * * * * * * * * | Tax; Motion to Dismiss; RCFC 12(b)(1); 26 U.S.C. § 6672; Trust Fund Recovery Penalty; Full Payment Rule; Divisible Taxes. |

**Joyce Rebhun**, Beverly Hills, CA for the plaintiff.

**Matthew D. Lucey,** Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C. for the defendant. With him were **Caroline D. Ciraolo**, Acting Assistant Attorney General, **David I. Pincus**, Chief, Court of Federal Claims Section, and **G. Robson Stewart**, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

**O P I N I O N**

<u>HORN, J.</u>

**FINDINGS OF FACTS**

This is a tax refund case involving the trust fund recovery penalty assessed under 26 U.S.C. § 6672 (2012).[1] Plaintiff Jay R. Vir was formerly an officer of his employer

---

[1] The relevant portion of 26 U.S.C. § 6672 states:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).

NGTV.[2] While plaintiff was an officer, NGTV did not pay its employment taxes for the quarters ending December 31, 2008, March 31, 2009, June 30, 2009, and September 30, 2009. Based on the failure to pay these taxes, on April 19, 2012, the Internal Revenue Service (IRS) assessed trust fund recovery penalties in the amount of $130,437.41 against plaintiff personally, pursuant to 26 U.S.C. § 6672. Plaintiff alleges that, on or about May 7, 2012, plaintiff paid the IRS $400.00, which he alleges in his complaint, without further elaboration or naming the employee, "represents employment and withholding taxes for one employee for each of the four quarters." Plaintiff also alleges that, on May 7, 2012, he filed four claims, one for each of the periods at issue, seeking a refund and an abatement of the entire amount of the employment taxes assessed by the IRS. Plaintiff has included, as exhibits to his complaint, what he alleges are the claims he submitted to the IRS using IRS Form 843. The "Explanation" portion of each of plaintiff's Forms 843 states, in language which is identical except for the date given:

> Taxpayer was erroneously assessed the Trust Fund Recovery Penalty (fka 100% penalty) for the period the period [sic] ended [sic]: 12/31/08 [or 03/30/09 [sic] or 6/30/09 or 9/30/09]. Taxpayer was not responsible for collecting accounting and paying over employment taxes. Mr. Vir is making a nominal payment on the withheld tax for one employee for one quarter of liability and requests an abatement for reasons explained in attached memorandum/affidavit.

Notably, the Forms 843 nowhere provide the name of the employee whose withheld tax the "nominal payment" that was being made allegedly represented. Four identical "Memorand[a] of Law" are attached to the four Forms 843, which plaintiff included with his complaint.[3] In the memoranda, plaintiff's attorney describes how NGTV suffered a number of financial setbacks in 2009 which prevented NGTV and plaintiff from paying NGTV's employment taxes to the IRS. The memoranda then argue that 26 U.S.C. § 6672 is inapplicable to plaintiff.

The IRS notified plaintiff that his claims had been denied in a letter dated August 29, 2012 and that his appeal had been denied in a letter dated June 6, 2013. In the June 6, 2013 letter, the IRS explained its reasons for denying plaintiff's appeal as follows:

> You did not provide any new evidence with your claim for refund. You did not provide any new evidence during the face-to-face hearing on April 30, 2013. During the conference you indicated that you can provide evidence

---

[2] In the opposition to defendant's motion to dismiss, plaintiff states that NGTV, which is not further defined in the pleadings, is a California corporation. The court notes that this information is not alleged in plaintiff's complaint or included in any of the exhibits to the complaint. The Forms 843 attached to the complaint do, however, list NGTV as having a Beverly Hills, California mailing address.

[3] Although plaintiff alleges that he filed his four Forms 843 with the IRS on May 7, 2012, the four "Memorand[a] of Law" are dated May 8, 2012. Plaintiff provides no explanation for this discrepancy.

2

>that you were not responsible for non payment of taxes – a written order assigning receivership rights to a third party and proof that you were instructed by that party not to pay the payroll taxes. You were given 10 days to provide that information, however as of today, May 23, 2013, I have not received that evidence.

The June 6, 2013 letter to plaintiff from the IRS also states that the "**Claim Amount(s)**" involved in plaintiff's appeal was $129,308.41. (emphasis in original). No explanation is provided in plaintiff's complaint, the June 6, 2013 letter, or any of the other documents attached to plaintiff's complaint as to why this amount is less than the $130,437.41 the IRS originally assessed against plaintiff on April 9, 2012.

In the three page complaint filed in this court, plaintiff alleges that he "is not a person responsible for collecting, according [sic] for, and paying over employment and withholding taxes" and that the trust fund recovery penalty was assessed against him by the IRS "erroneously and illegally." Plaintiff requests a judgment against the United States "in the amount of $129,308.41 (the amount of the trust fund penalty assessed against his account pursuant to Internal Revenue Code Section 6672) and the refund of $400.00 in employment taxes paid on **Forms 843** or such larger amount as is legally refundable, plus interest and costs." (emphasis in original). Defendant filed an answer along with a counterclaim. In its counterclaim, defendant alleges that plaintiff was required to collect, truthfully account for, and pay over employment taxes for NGTV for the tax periods ending December 31, 2008, March 31, 2009, June 30, 2009, and September 30, 2009, but willfully failed to do so. Defendant alleges that, on April 9, 2012, plaintiff was assessed trust fund recovery penalties pursuant to 26 U.S.C. § 6672 in the total amount of $130,437.41 and requests judgment in this amount and assessed interest minus the payments that defendant has already made.[4]

After a status conference with the attorneys for both plaintiff and defendant, the court issued an order setting a briefing schedule and ordering plaintiff and plaintiff's attorney to "provide defendant and the court with a copy of the pay stubs relating to the employee identified as the individual for whom tax was paid in order to allow plaintiff to potentially satisfy the jurisdictional requirements for filing suit in this court." No such pay stubs were provided to the court nor was an explanation for failing to do so provided by plaintiff or his attorney. Defendant ultimately filed a motion to dismiss plaintiff's complaint under Rule 12(b)(1) (2015) of the Court of Federal Claims (RCFC) for lack of subject matter jurisdiction. Plaintiff filed an opposition to defendant's motion to dismiss and an answer to defendant's counterclaim, and defendant filed a reply to plaintiff's opposition.

---

[4] The court notes that although defendant is seeking a judgment of $130,437.41, the amount the IRS assessed against plaintiff on April 9, 2012, plaintiff is seeking a judgment of $129,308.41, the amount that the June 6, 2013 letter from the IRS describes as being involved in plaintiff's claims submitted to the IRS. As noted above, none of the filings presently before the court explain the discrepancy between these two amounts.

3

## DISCUSSION

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013); see also Arbaugh v. Y & H Corp., 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506–07)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011).

A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2015); Fed. R. Civ. P. 8(a)(1), (2) (2016); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim."

Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555–56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984), reh'g denied, 468 U.S. 1226 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327–28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003). If a defendant or the court challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988); Catellus Dev. Corp. v. United States, 31 Fed. Cl. 399, 404–05 (1994).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal

constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

6

Regarding a tax refund suit, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary [of the Treasury]." 26 U.S.C. § 7422 (2012). In United States v. Clintwood Elkhorn Mining Co., the United States Supreme Court indicated that:

> A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought, and establishes strict timeframes for filing such a claim.

United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008) (citing 28 U.S.C. § 1346(a)(1))[5] and EC Term of Years Trust v. United States, 550 U.S. 429, 431, & n.2 (2007)).

According to the United States Court of Appeals for the Federal Circuit, "in the context of tax refund suits, the [United States Supreme] Court has held that the Court of Federal Claims' Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a)."[6] RadioShack Corp. v. United States, 566 F.3d at 1360 (citing United

---

[5] The statute at 28 U.S.C. § 1346 (2012) provides that:

**(a)** The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

**(1)** Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1).

[6] The statute at 26 U.S.C. § 7422 (2012) provides that:

**(a) No suit prior to filing claim for refund**

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in

States v. Clintwood Elkhorn Mining Co., 553 U.S. at 4 and United States v. A.S. Kreider Co., 313 U.S. 443, 447–48 (1941)); see also United States v. Dalm, 494 U.S. 596, 609–10, reh'g denied, 495 U.S. 941 (1990); Strategic Hous. Fin. Corp. v. United States, 608 F.3d 1317, 1324 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2010), cert. denied, 131 S. Ct. 1513 (2011). Stated another way, "[i]n the context of tax refund suits, the United States sovereign immunity is construed narrowly and jurisdiction of the Court of Federal Claims is limited by the Internal Revenue Code, including 26 U.S.C. § 7422." Waltner v. United States, 679 F.3d 1329, 1332 (Fed. Cir.), cert. denied, 133 S. Ct. 319, reh'g denied, 133 S. Ct. 688 (2012); see id. at 1332 ("Thus, whether sovereign immunity has been waived and the Court of Federal Claims has jurisdiction over these refund claims depends on whether the taxpayers' submissions to the IRS constitute a claim for refund.").

The statute at 26 U.S.C. § 7422(a) functions as a waiver of the government's sovereign immunity in tax refund suits. See Chicago Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994); see also Ishler v. United States, 115 Fed. Cl. 530, 534–35 (2014); Tieman v. United States, 113 Fed. Cl. 528, 531 (2013). "[S]ection 7422(a) creates a jurisdictional prerequisite to filing a refund suit." Gluck v. United States, 84 Fed. Cl. 609, 613 (2008) (citing Chicago Milwaukee Corp. v. United States, 40 F.3d at 374 (citing Burlington N., Inc. v. United States, 231 Ct. Cl. 222, 684 F.2d 866, 868 (1982))).

Generally, "payment of the assessed taxes in full is a prerequisite to bringing a refund claim." Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (citing Flora v. United States, 362 U.S. 145, 177, reh'g denied, 362 U.S. 972 (1960); Rocovich v. United States, 933 F.2d 991, 993–94 (Fed. Cir. 1991)); see also Shore v. United States, 9 F.3d 1524, 1527 (Fed. Cir. 1993) ("The *Flora* [*v. United States*, 362 U.S. 145] full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action under § 1491."). There is, however, an exception to this rule for divisible taxes, such as those levied under 26 U.S.C. § 6672. See 26 U.S.C. § 6331(i)(2)(B) (2012) (defining divisible taxes to include "the penalty imposed by section 6672"). Under this exception, "a taxpayer assessed under section 6672 need only pay the divisible amount of the penalty assessment attributable to a single individual's withholding before instituting a refund action." Boynton v. United States, 566 F.2d 50, 52 (9th Cir. 1977); see also Steele v. United States, 280 F.2d 89, 91 (8th Cir. 1960); Roseman v. United States, No. 09-539T, 2013 WL 151716, at *1 (Fed. Cl. Jan. 3, 2013).[7] The rationale for this exception is that "section 6672 assessments represent a cumulation of separable assessments for each employee from whom taxes

---

        that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

[7] The genesis of the exception is dicta in Flora v. United States stating that "excise tax assessments may be divisible into a tax on each transaction or event, so that the full-payment rule would probably require no more than payment of a small amount." Flora v. United States, 362 U.S. at 175 n. 38; see also Steele v. United States, 280 F.2d at 90 (citing Flora v. United States, 362 U.S. at 171 n. 37, 175 n. 38).

8

were withheld." Boynton v. United States, 566 F.2d at 52. Thus, in the past, courts have permitted 26 U.S.C. § 6672 refund cases to proceed when the taxpayer has prepaid the IRS an amount equal to one employee's withholding for one quarter. Godfrey v. United States, 748 F.2d 1568, 1573 (Fed. Cir. 1984) (noting that the United States Claims Court had allowed the case to proceed after each plaintiff paid $150.00 to the IRS, "the amount in excess of income and FICA taxes withheld from one employee"); Kennedy v. United States, 95 Fed. Cl. 197, 200 (2010) (noting plaintiff had prepaid $476.15 to the IRS, "representing the portion of the assessment relating to one employee for the fourth quarter of 2000"); see also Roseman v. United States, 2013 WL 151716, at *1 ("Courts have held that this [divisible tax] requirement is satisfied where a plaintiff pays the penalty attributable to one employee's wages for one quarter.") (citing Ruth v. United States, 823 F.2d 1091, 1092 (7th Cir.1987); USLIFE Title Ins. Co. of Dall. v. Harbison, 784 F.2d 1238, 1243 n.6 (5th Cir.1986); Boynton v. United States, 566 F.2d at 52; Suhadolnik v. United States, No. 10-3021, 2011 WL 2173683, at * 5 (C.D. Ill. June 2, 2011); Todd v. United States, No. CV408-034, 2009 WL 3152863, at *3–4 (S.D. Ga. Sept. 29, 2009); Lighthall v. Comm'r of Internal Revenue, No. 88-C-20344, 1990 WL 53127, at *2 (N.D. Ill. Apr. 12, 1990), aff'd, 948 F.2d 1292 (7th Cir. 1991)).

Defendant argues that the court lacks subject matter jurisdiction to hear plaintiff's case because plaintiff has not paid the required portion of the tax assessed. According to defendant, "plaintiff has alleged no facts that suggest that $100 equals the withholding for one employee" for one of the quarters at issue. Further, defendant argues:

> Plaintiff has failed to produce any documents or substantiating evidence to support the notion that $100 (or even $400) is sufficient to satisfy his obligation to pay the requisite amount of tax that would satisfy the jurisdictional requirements for a refund suit for even one quarter at issue in this case.

According to defendant, plaintiff, therefore, has "failed to meet his burden because he has not presented *any* evidence, let alone a preponderance of the evidence" to support his position. (emphasis in original).

Plaintiff asserts that his burden of proving jurisdiction has been met. In particular, plaintiff argues in his opposition to defendant's motion to dismiss that he "has alleged facts that suggest that $100 equals the withholding for one employee, Ms. Nicole Armijo for each of the four quarters." In support of this claim, plaintiff asserts in his opposition that each of the Forms 843 he filed with the IRS for the four periods at issue "contains a statement that plaintiff 'is making a nominal payment on the withheld tax for one employee, Ms. Nicole Armijo [Social Security numbers omitted] for each of the 4 quarters of liability in the amount withheld from her paycheck for each of these four quarters." (missing quotation mark in original).

9

Plaintiff next argues that Kaplan v. United States, 115 Fed. Cl. 491 (2014) is "controlling." According to plaintiff, Kaplan "affirms the Internal Revenue Service Rule[8] of accepting a representative amount when the exact amount cannot be accurately determined. Otherwise, the taxpayer will be deprived of a proper determination on the merits regarding the appropriateness of the trust fund penalty assessment." In an apparent attempt to show the applicability of Kaplan, plaintiff states:

> In the instant case, Plaintiff has made intense effort to obtain payroll records; Plaintiff had been stripped of responsibility prior to the accumulation of payroll tax liabilities for these quarters. Once NGTV filed bankruptcy, all records were under the control of the Bankruptcy Trustee. [In Kaplan v. United States,] Judge Wheeler concluded that the plaintiff's three $100 payments were "sufficient to establish subject matter jurisdiction".

Therefore, plaintiff argues, "the instant Complaint is more than sufficient to withstand Defendant's paint-by-the-numbers motion."

The court finds that Mr. Vir, through his attorney, has failed to plead the necessary cognizable facts or provide any evidence that the $400.00 he alleges was paid to the IRS represents the taxes due for one employee for each, or even one, of the four quarters at issue. Despite an order of this court explicitly requiring him and his attorney to provide "pay stubs relating to the employee identified as the individual for whom tax was paid," plaintiff has, without explanation, or even an acknowledgement, failed to comply.[9] Further, despite plaintiff's claim that he "has alleged facts that suggest that $100 equals the withholding for one employee, Ms. Nicole Armijo for each of the four quarters," there is no mention whatsoever of Ms. Armijo in plaintiff's complaint or any of the documents attached to it. Plaintiff's assertion that the Forms 843 attached to his complaint state that a nominal payment was being made for Ms. Armijo is simply false. The Forms 843 make no mention of Ms. Armijo, stating only that "Mr. Vir is making a nominal payment on the withheld tax for one employee for one quarter of liability." Thus, the only evidence proffered by plaintiff to show he has meet his jurisdictional burden of proving that he has paid to the IRS the "divisible amount of the penalty assessment attributable to a single individual's withholding," Boynton v. United States, 566 F.2d at 52, is the general allegation in his complaint, not tied to any individual employee, that the $400.00 he allegedly paid the IRS "represents employment and withholding taxes for one employee for each of the four quarters," and the equally empty statements in the Forms 843 submitted with the complaint. Lacking specifics or any evidentiary support, these statements amount to mere "[c]onclusory allegations of law and unwarranted inferences of fact" that "do not suffice to support" plaintiff's claim. Bradley v. Chiron Corp., 136 F.3d

---

[8] Plaintiff does not specify which IRS Rule he is referring to, nor is one otherwise referenced in his filed opposition to defendant's motion to dismiss.

[9] The absence of any explanation or acknowledgment of this failure, including in plaintiff's opposition to defendant's motion to dismiss, which was filed over one month after the pay stubs were due, is inexplicable.

at 1322. Plaintiff, therefore, has failed to meet his burden of proving, by a preponderance of the evidence, that jurisdiction exists to hear his claim.

Additionally, plaintiff is not helped by Kaplan v. United States. Contrary to plaintiff's assertion, Kaplan is not "controlling" on this court. The only precedents that are controlling on this court are those of the United States Supreme Court, the United States Court of Appeals for the Federal Circuit, and the United States Court of Claims, a predecessor court to the United States Court of Federal Claims and the Court of Appeals for the Federal Circuit. See Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006). Prior Court of Federal Claims decisions such as Kaplan, "while persuasive, do not set binding precedent for separate and distinct cases." W. Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994) (citing Sun Eagle Corp. v. United States, 23 Cl. Ct. 465, 473 (1991)).

But even taken for its persuasive value, the Kaplan case does not support plaintiff's arguments. The Kaplan plaintiff made three payments of $100.00 to the IRS along with a claim challenging the imposition of the trust fund recovery penalty against him. See Kaplan v. United States, 115 Fed. Cl. at 492-93. After the government sought dismissal for lack of subject matter jurisdiction on the grounds that plaintiff had "'produced no evidence' showing the assessed tax for any employee in any of the relevant quarters," the plaintiff "responded by providing one week's worth of payroll records and, by extrapolation, arguing that this evidence was sufficient to meet his burden of establishing subject matter jurisdiction by a preponderance of the evidence." Id. at 493. The court initially granted defendant's motion to dismiss, finding that "one week's worth of records was an insufficient basis from which to extrapolate the data for a thirteen-week quarter." Id. The Kaplan plaintiff, however, subsequently filed a motion for reconsideration pursuant to RCFC 59, arguing that reconsideration was necessary to prevent manifest injustice. See id. In this motion, the Kaplan plaintiff alleged not only that he was never "'required to collect, truthfully account for, and pay over employment taxes'" for his employer, but that "even though he is listed as one of the company's three managing members in its certificate of formation," he was "'was unaware of this status and never agreed to assume such responsibility.'" Id. Further, the court noted that plaintiff's motion "relate[d] in detail his diligent but futile efforts at obtaining these [payroll tax] records." Id. at 494. The court found that "assuming these representations are true" plaintiff was "caught in an 'evidentiary Catch-22'": "In order to prove the merits of his argument that he is not a 'responsible person,' he must first produce the evidence for which he is not responsible." Id. The court concluded that "[u]nder the circumstances of this case, the Court is not inclined to prevent Mr. Kaplan from challenging that full assessment in this forum simply because the representative amount he paid might not be representative enough." Id. Accordingly, the court granted the motion for reconsideration and accepted "the three $100 payments as sufficient to establish subject matter jurisdiction." Id. The Kaplan case explicitly limited its holding to "the circumstances of this case." Id. Those circumstances included not only plaintiff's allegation that he was not a responsible party, but also that he was not even aware of his status as a managing member of the corporation at issue, that he had made "diligent but futile efforts" to obtain the records necessary to determine the amount of payroll taxes assessed for each employee, and that he had supplied some relevant records to the court. See id.

11

By contrast, in the present case, Mr. Vir concedes that he was an officer at NGTV throughout the relevant periods. Additionally, although plaintiff asserts that he "has made intense effort to obtain payroll records," he provides no explanation of what these efforts entailed, nor offers any citation to the record or additional evidence showing that such efforts were made. Whereas the Kaplan plaintiff provided some, albeit incomplete, evidence in the form of "one week's worth of payroll records," id. at 493, Mr. Vir and his attorney have not provided any records whatsoever. Even more remarkable, Mr. Vir and his attorney have failed to provide any evidence or explanation in the face of a court order requiring them to do so. There is, thus, no evidence in the Vir record of the type of circumstances upon which the Kaplan court based its decision in favor of the Kaplan plaintiff. Kaplan, therefore, does not support Mr. Vir's argument that jurisdiction exists in this court to hear his claims. As plaintiff has not provided any evidence of the sufficiency of the $400 to vest jurisdiction in this court, defendant's motion to dismiss is granted.

Defendant also pleads a counterclaim against plaintiff. This court has jurisdiction over counterclaims brought by the government under 28 U.S.C §§ 1503 and 2508 (2012). "A prerequisite to this counterclaim jurisdiction is, however, the existence of a claim filed against the United States within the jurisdiction of the Court of Federal Claims." Talbot v. United States, 40 Fed. Cl. 801, 805-06 (1998) (citing Triton Group, Ltd. v. United States, 10 Cl. Ct. 128, 134 (1986), aff'd, 818 F.2d 876 (Fed. Cir. 1987); Joseph Morton Co. v. United States, 3 Cl. Ct. 780, 782 (1983)). "When a plaintiff's claim is rejected for lack of jurisdiction, the defendant's counterclaim must be dismissed along with plaintiff's complaint, without regard to the merits of the counterclaim." Id. at 806 (citing Triton Group, Ltd v. United States, 10 Cl. Ct. at 134; Joseph Morton Co. v. United States, 3 Cl. Ct. at 783); see also W. Mgmt., Inc. v. United States, 101 Fed. Cl. 105, 114 (2011) (dismissing counterclaim due to lack of jurisdiction over claims in complaint) aff'd and remanded in part, 498 F. App'x 10 (Fed. Cir. 2012); Medina Const., Ltd. v. United States, 43 Fed. Cl. 537, 560 (1999) (same). Because the court lacks jurisdiction to hear the claims in plaintiff's complaint, the court also lacks jurisdiction to hear defendant's counterclaim, and the counterclaim must be dismissed.

## CONCLUSION

Plaintiff, therefore, has failed to plead cognizable facts or provide any evidence to demonstrate that this court has jurisdiction to hear his claims. Defendant's motion to dismiss plaintiff's claims pursuant to RCFC 12(b)(1) is **GRANTED**. Plaintiff's complaint is **DISMISSED**. Due to the dismissal of plaintiff's complaint, the court lacks jurisdiction over defendant's counterclaim. Defendant's counterclaim, therefore, also is **DISMISSED**. The Clerk of Court shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**